IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**BECKLEY DIVISION**

BRANCH BANKING & TRUST COMPANY,

          Plaintiff,

v.                                        CIVIL ACTION NO.  5:11-cv-00473

FIRST AMERICAN TITLE INSURANCE
COMPANY, et al.,

          Defendants.

**ORDER**

The Court has reviewed *Plaintiff's Motion for Leave to File Third Amended Complaint* ("Pl.'s Mot.") (Document 141).  The Court has also reviewed *Defendant First American Title Insurance Company's Motion to Dismiss Count I of Plaintiff's Second Amended Complaint for Failure to Join Necessary and Indispensable Parties Pursuant to Rule 19 of the Federal Rules of Civil Procedure* (Document 42) and *Barry L. Bruce and Barry L. Bruce & Associates' Motion to Dismiss Second Amended Complaint For Failure To Join Necessary and Indispensible [sic] Parties Pursuant to Rule 19 of the Federal Rules of Civil Procedure* (Document 76).

In Plaintiff's Motion, BB&T contends that "[d]uring discovery[] additional acts and omissions of defendants material to this dispute have been established."  (Pl.'s Mot. at 2.) Plaintiff asserts that it has a "second deed of trust securing a January 2008 one million dollar loan that was to be subordinated only to BB&T's July 2007 Deed of Trust, but which [i]s, to a significant degree, also subordinate to the Withrow Deed of Trust, and which [Defendants] failed to note, except or otherwise provide for the Withrow Deed of Trust[.]"  (*Id.* at 2.)  Plaintiff also

asserts that its 2007 and/or 2008 Deeds of Trust "[p]urported to convey a security interest in" ten lots which "had been previously sold by the grantor, and yet were purportedly included in the Deed[s] of Trust on which the Bruce Defendants opined and [Defendant First American Title Insurance Company ("First American")] insured[.]" (*Id*.)  Plaintiff acknowledges that the deadline for the amendment of pleadings has passed, but argues that good cause exists to allow the amendment because: (1) no pre-trial order has yet been entered and no surprise will result; (2) First American and the Bruce Defendants have not filed an answer to the Second Amended Complaint; (3) Defendants were put on written notice of the claims asserted in the proposed third amended complaint by letters dated January 31, 2012 and September 7, 2012; (4) each of the alleged acts or omissions is evident from public records to which Defendants had access, and (5) this action has been the subject of "robust discovery in this case, including expert and Rule 30(b)(6) depositions of BB&T and [First American]." (*Id*. at 3.)

In response to this motion, Defendants First American, Barry Bruce and Bruce and Associates, L.C., all assert that Plaintiff failed to join necessary and indispensable parties to this litigation and that *in rem* jurisdiction is not established by the Third Amended Complaint. Notwithstanding the same and without a waiver of its objection to Plaintiff's pleadings, First American states that it does not object to the motion or Plaintiff's filing of a newly amended complaint. (Defendant First American Title Insurance Company's Response Consenting to Plaintiff's Motion for Leave to File Third Amended Complaint ("First American Opp'n") (Document 156) at 3.)

However, Barry Bruce and Bruce and Associates, L.C., object to the motion "due to [BB&T's] continuing and willful failure to comply with this Court's February 17, 2012 Order . . . by refusing to join all of those individuals and entities who hold an interest the property [sic] or

title to the property adverse to BB&Ts." (Bruce Defendants' Response and Objection to Plaintiff's Motion for Leave to File Third Amended Complaint ("Bruce Defs.' Opp'n") (Document 157) at 2.) The Court observes that the gist of Defendants First American, Barry Bruce and Bruce and Associates, L.C.,'s argument is similar to that which supports their pending motions to dismiss. A review of the docket reveals that neither Defendant Charles E. Withrow, nor, J. Steven Hunter, filed an opposition or other response to Plaintiff's motion.

Upon consideration of Plaintiff's motion and the oppositions thereto (Documents 156 and 157), the Court finds that the pleading amendment should be granted.

Federal Rule of Civil Procedure 15 typically governs amendments to pleadings. A party, after it has amended its pleading once as a matter of course, "may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave [to amend] when justice so requires." (*Id*.). However, this opportunity for amendment is not without its limits. The Fourth Circuit Court of Appeals has instructed that a motion to amend should be denied only "if one of three facts is present: the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (citation omitted) (internal quotation marks omitted); *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001).

However, a motion to amend a complaint filed after the deadline established in the Court's scheduling order creates "tension" between Rule 15(a) and Rule 16(b) of the Federal Rules of Civil Procedure. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Rule 16(b) governs scheduling orders and provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed.R.Civ.P. 16(b)(4). The Fourth Circuit, in a

published opinion, resolved the "conflict between these two provisions" in a manner like most other circuits by requiring an amendment to meet the more rigorous standard of Rule 16(b)–the good cause standard–once the deadline to amend within the court's scheduling order has passed. *Parvizian*, 535 F.3d at 298 (citing cases from the First, Second, Fifth, Sixth, Eighth and Eleventh Circuits); *Stanley v. Huntington Nat'l Bank*, No.12-1145, 2012 WL 3570805, *5 (4th Cir. Aug. 21, 2012) (unpublished per curiam decision); *Royce v. Wyeth*, Civil Action No. 2:04-0690, 2011 WL 1397043, *1 (S.D. W. Va. Apr. 13, 2011) (Copenhaver, J.);  *see also* 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure, § 1522.2 (3d ed. 2010) (Rule 16(b)(4) "specifically provides . . .  that the [scheduling] order can be modified only upon a showing of good cause and with the judge's consent. . . . Indeed, to the extent that other federal rules, such as Rule 15 governing pleading amendments, contain a more lenient standard than good cause, the Rule 16(b) standard controls any decisions to alter a scheduling order for purposes of making pleading amendments and it must be satisfied before determining whether an amendment should be permitted under Rule 15.")  Therefore, Plaintiff is required to fulfill the good cause standard of Rule 16.  "Rule 16(b)'s good cause standard focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party."  *Montgomery v. Anne Arundel County*, 182 F.App'x 156, 162 (4th Cir. 2006) (per curiam) (unpublished decision).

In its motion to amend, Plaintiff seeks to add additional allegations in support of its eight-count pleading as a result of Defendants "acts and omissions," as well as, an additional claim that its 2008 Deed of Trust did not except certain property excluded from its security interest. Plaintiff asserts the amendment is warranted due to information "established by discovery." There is no dispute that Plaintiff's motion comes well beyond this Court's December 15, 2011

deadline for pleading amendments. (Scheduling Order (Document 25)). Neither responding Defendant disputes Plaintiff's assertion that the proposed changes were the result of disclosures in discovery rather than any undue delay or dilatory action. While the Court is moderately suspicious of the timing of Plaintiff's motion given its assertion that it notified Defendants of the claims "newly asserted in the third amended complaint by letters dated January 31, 2012 and September 7, 2012," there is no evidentiary basis raised by any party to support a finding that there has been bad faith on the part of Plaintiff or that Plaintiff unduly delayed seeking amendment. The responding Defendants do not contest that good cause exists to permit the new pleading.

Additionally, while each of the responding Defendants acknowledges the timing of Plaintiff's motion with the upcoming trial in this matter, none of the Defendants assert that the amendment would be prejudicial. Defendants do not assert a need for a prolonged period of discovery on the new allegations or contend that the amendment results in an "unfair surprise" or results from Plaintiff acting in bad faith. Indeed, First American does not oppose the filing of the newly amended pleading.

The only origin of opposition asserted by the Defendants seemingly is that the amendment of the governing pleading would be futile, in light of Defendants' assertion that Plaintiff's Third Amended Complaint fails to establish *in rem* jurisdiction and demonstrates that Plaintiff has failed to join the necessary and indispensable parties. This argument seems to address the issue of futility as it relates to motions to amend pleadings pursuant to Rule 15. Peering through the lens of the Rule 15 "freely give leave" standard, a motion to amend should only be denied on the basis of a futility argument "when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir.

1986).  In this instance, the Court is not persuaded that the amendment would be futile on the face of the Third Amended Complaint.  For instance, with the inclusion of Withrow and J. Steven Hunter as party defendants, it is not obvious that necessary or indispensable parties are required to be joined to a civil action that now alleges, *inter alia*, that: Plaintiff's alleged security interest is subordinate to the asserted purported security interest of the Withrow Deed of Trust; Plaintiff is entitled to title insurance coverage if the priority of its lien is not as it contracted; and that Defendants acted in bad faith or were professionally negligent in their title examination, assurances, or the fulfillment of insurance coverage.

This Court, in its February 17, 2012 Memorandum Opinion and Order, considered the Defendants' Rule 19 argument made in their previous motions to dismiss the Complaint and Amended Complaint.  At that time, this Court observed that "Plaintiff's Amended Complaint concerns claims arising from the procurement of a title examination and title insurance policy" and that the "focal point of this litigation concerns negligence, contractual obligations and the alleged breach of such obligations." (Memorandum Opinion and Order (Document 34) at 14.) However, the Court considered that Plaintiff's claims could not be "viewed so narrowly" where the "language of the title insurance policy [issued by Defendant First American] contemplates that First American will not be liable for any loss or damage prior to a determination that an interest exists which is adverse to the title or lien of the insured mortgage."  (*Id.*)   The Court noted then that "[t]he core determination of [Plaintiff's request for relief respecting Count One of the Amended Complaint, now Count Two of the Third Amended Complaint] is whether Plaintiff's contracted interest is adverse to another's interest."  (*Id.*)  It became apparent to the Court that the insurance policy clause required that "procedurally there be a determination as to whether the title insured is actually defective and that Plaintiff does not hold the interest for

which it contracted." (*Id*. at 14-15.)  The Court found that there "must first be a determination of the title and interest of the land BB&T holds as collateral for its line of credit and whether any person or entity holds a valid interest adverse to BB&T". (*Id*. at 15.)  Consequently, the Court concluded that "a determination is required regarding the nature of the title or interest secured by BB&T in the North-South Property prior to any consideration of the balance of the claims alleged against First American and the Bruce Defendants." (*Id*.)  The Court directed Plaintiff to "join any person or entity holding an interest in or title to the North-South Property secured by its Deed of Trust or any party it contends holds a claim adverse to its interest[.]" (*Id*. at 15.)  Plaintiff has done just that with the inclusion of Withrow and J. Steven Hunter as party defendants claiming an interest adverse to Plaintiff's.  Consequently, this Court is not persuaded that additional parties, as identified by the Responding Defendants, are necessary or indispensable to the litigation in this case in light of the allegations contained in the Third Amended Complaint.  Therefore, the Court finds the futility argument lacking in merit and insufficient to preclude Plaintiff from amending its pleading.

Thus, the Court finds that Plaintiff has asserted that "good cause" exists for its amendment, an assertion that is not challenged by the Defendants, and this Court finds that Plaintiff has met the standard articulated in Rule 16(b) of the Federal Rules of Civil Procedure.  Additionally, as discussed above, the Court finds that Plaintiff has also met the more lenient standard of Rule 15.  The Court finds that the responding Defendants' sole assertion of "futility" is without merit.

For the foregoing reasons, the Court **ORDERS** that *Plaintiff's Motion for Leave to File Third Amended Complaint* (Document 141) be **GRANTED**.  The Clerk of Court is **DIRECTED** to file Plaintiff's Third Amended Complaint.

In light of the Court having permitted the filing of the Third Amended Complaint, the Court further **ORDERS** that Defendant First American Title Insurance Company's Motion to Dismiss Count I of Plaintiff's Second Amended Complaint for Failure to Join Necessary and Indispensable Parties Pursuant to Rule 19 of the Federal Rules of Civil Procedure (Document 42) and Barry L. Bruce and Barry L. Bruce & Associates' Motion to Dismiss Second Amended Complaint For Failure To Join Necessary and Indispensible [sic] Parties Pursuant to Rule 19 of the Federal Rules of Civil Procedure (Document 76) be **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:    January 7, 2013

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA