IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BRANCH BANKING & TRUST COMPANY,

        Plaintiff,

v.                                       CIVIL ACTION NO.   5:11-cv-00473

FIRST AMERICAN TITLE INSURANCE
COMPANY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Motion for Summary Judgment By Defendants Charles E. Withrow and J. Steven Hunter* ("Withrow Mot.") (Document 66).   After careful consideration of the motion and the oppositions or other responses thereto (Documents 67, 84, 85 and 88), the Court finds that a genuine issue of material fact exists which precludes summary judgment.

*I.*

The limited nature of the instant motion involves the priority of two deeds of trust encumbering a parcel of land located in Greenbrier County, West Virginia.   Consequently, the facts concerning the limited dispute, based on the parties' written submissions and exhibits, reveal that there is no dispute as to the following conveyances:

On February 2, 2005, Defendant Charles E. Withrow conveyed to White Rock, LLC ("White Rock") 885.53 acres of land located "partly in Irish Corner District and partly in White Sulphur District, Greenbrier County, West Virginia." (Bruce Defs.' Ex. A (Document 88-1)).

This conveyance, "with covenants of general warranty of title" to White Rock, excluded certain "outsales" of various tracts of land, specifically, Lot 1 and Lots 10 through 129. According to the Withrow/White Rock Deed, the majority of the excluded lots had previously been conveyed to White Rock on February 1, 2005.[1] This Deed was recorded on February 7, 2005 in the Greenbrier County Clerk's Office as deed 495 at page 589.

On February 5, 2005, Defendant Charles E. Withrow extended a Purchase Money Promissory Note to White Rock in the sum of $571,006.23. (Document 66-1 at 18). The note was secured by a Deed of Trust to Defendant J. Steven Hunter, Trustee, for the benefit of Defendant Charles E. Withrow, Beneficiary also entered into on February 5, 2005.[2] Both the promissory note and the February 5, 2005 Withrow Deed of Trust references White Rock's conveyance of an 885.53 acre parcel of land, "less. . . referenced outsales." (Document 66-1 at 28). The Withrow Deed of Trust includes a statement that the tract of land conveyed, by general warranty of title, was "the same tract or parcel of land which was conveyed unto White Rock, LLC by Charles E. Withrow . . . by deed dated February 2, 2005, not yet of record in the aforesaid clerk's office but to be recorded prior to the recording of this Deed of Trust." (*Id.*)[3] The Court

---

[1] This Deed reveals that Defendant Withrow, prior to February 1, 2005, conveyed certain of the excluded lots to White Rock and at least five lots to various persons not a party to this litigation. Further, the Deed acknowledged that the conveyance was subject to the "Declaration of Covenants, Restrictions, Easements, Reservations, Terms and Conditions Governing White Rock Mountain Retreat, a Planned Community, in Greenbrier County, West Virginia", dated July 17, 2002. (Ex. A. at 10.)

[2] To be consistent with the references made by the parties, the Court will refer to this Deed of Trust as the Withrow Deed of Trust.

[3] Similar to the Withrow/White Rock February 2, 2005 Deed, this conveyance is also subject to the July 17, 2002 Declaration of Covenants. Additionally, the Withrow Deed of Trust includes the following provision:

> The party of the first part, [White Rock, LLC] hereby agrees that it will not transfer ownership, in whole or in part, of the secured premises without prior written consent to the holders of the promissory note hereby secured. If any such transfer is made, the holder of the note shall have the option or right to declare all

2

observes that the property description, including the sixteen referenced outsales, appear to be identical to the description included in the Withrow / White Rock Deed. This Deed of Trust was recorded in the Greenbrier County Clerk's Office on February 7, 2005.

Thereafter, on November 15, 2006, White Rock conveyed "all right, title and interest . . . with covenants of General Warranty," approximately 416.878 acres to North-South Properties, LLC ("North-South") by deed recorded in Book 510, Page 467 in the Greenbrier County Clerk's Office on December 6, 2006. (Bruce Defs.' Ex. C (Document 88-1)). In addition to other land transactions, this deed specifically referenced that this conveyance included "part of the land conveyed to White Rock, LLC . . . by Charles E. Withrow . . . by deed dated February 2, 2005[.]" (*Id*. at 32.) The White Rock / North-South deed also included that fifty-five lots were "excepted from this conveyance." (*Id*. at 34-38.)

In 2007, North-South sought a $5,000,000 line of credit from Plaintiff, Branch Banking & Trust Company ("BB&T"), a North Carolina Bank. BB&T required and North-South agreed to convey real property as collateral for the line of credit. North-South executed a Credit Line Deed of Trust and Security Agreement listing BB&T Collateral Service Corporation as Trustee and Branch Banking and Trust Company as beneficiary. (Third. Am. Compl. (Document 165) ¶ 14; (Bruce Defs.' Ex. D (Document 88-1) at 40). This Deed of Trust in favor of Plaintiff, recorded July 11, 2007 in Book 611, Page 349 in the Clerk's Office, contained an identical property

---

> of the indebtedness secured by this Deed of Trust to be due and payable and if the same is not paid in full immediately, a default shall thereupon exist and the holders of the note may proceed to foreclose and enforce this Deed of Trust and to take all other steps to collect from any and all of the makers, endorsers and quarantors. [sic].

(Withrow Deed of Trust, dated February 5, 2005 (Document 66-1 at 30.))

3

description as that included in the November 15, 2006 Deed between White Rock and North-South. (Bruce Defs.' Ex. D (Document 88-1)).[4]

According to Plaintiff's governing pleading, the security for its $5,000,000 line of credit was supposed to be a valid first lien on the Property described in its Deed of Trust. However, BB&T has since learned that Defendant Charles E. Withrow has asserted that the Withrow Deed of Trust is a prior lien to the BB&T Deed of Trust on a portion of BB&T's Collateral property. (Third. Am. Compl. (Document 165) ¶ 29.)[5] BB&T alleges that "[d]ue to the apparent priority of

---

4   The BB&T/N-S Deed of Trust includes various provisions establishing that N-S as the grantor:

> had the "right to convey the Property to [the] Trustee; that the same is free from any and all liens and encumbrances other than real estates taxes assessed but not yet due and payable, and other exceptions, if any, stated in any policy of title insurance insuring [BB&T's] interest in the Property or agreed to in writing by [BB&T]."

(Bruce Defs.' Ex. D at 40). N-S agreed to certain provisions including:

> 13. Indemnification in event of Adverse Claims. In the event that [BB&T] voluntarily or otherwise shall become parties to any suit or legal proceeding involving the Property, they shall be saved harmless and shall be reimbursed by [N-S] for any amounts paid including all costs and charges incurred in any such suit or proceeding, and the same shall be secured by this Deed of Trust payable upon demand.
>
> 15. Warranties. [N-S] covenants with [BB&T] that [N-S] is seized of the Property in fee simple, has the right to convey the same in fee simple, that title to the Property is marketable and free and clear of all encumbrances, and that [N-S] will warrant and defend the title against the lawful claims of all persons whomsoever, subject only to any declarations, easements, restrictions or encumbrances listed in the title opinion or title insurance policy which [BB&T] obtained in the transaction in which [BB&T] obtained this Deed of Trust.

5   Plaintiff has consistently alleged in its pleadings that prior to disbursement of its funds the title agent, Barry L. Bruce and Barry L. Bruce and Associates, LLC, were to have ensured that its Deed of Trust constituted a first lien on the property and that its title insurance policy through Defendant First American Title Insurance Company did not except from coverage the Withrow Deed of Trust. The Bruce Defendants and First American have moved previously for the dismissal of Plaintiff's complaints for its failure to join necessary and indispensable parties. On February 17, 2012, the Court denied the motion, but permitted the litigation in this case to proceed against Defendant First American in Count One of the Amended Complaint, labeled as "Count 1 – Declaratory Action to Determine Whether First American is Obligated to Provide Coverage to BB&T Under the Policy" (*see* Am. Compl. (Document 13)) and directed Plaintiff to "join any person or entity holding an interest in or title to the North-South Property secured by its Deed of Trust or any party it contends holds a claim adverse to its interest, no later than sixty (60) days from the date

the Withrow Deed of Trust, [it] is unable to foreclose on the two BB&T Deeds of Trust and has been unable to take title and protect the BB&T Collateral. . . . [and is] unable to convey property or sell the loan to recover any sums advanced to North-South and secured by the BB&T Deed of Trust." (Third. Am. Compl. ¶ 30.) The parties have differing views of the significance of these transactions. The Withrow Defendants move for summary judgment to establish that its Deed of Trust "currently encumbers all the property that is claimed by BB&T and all the property not heretofore released."

## II. APPLICABLE LAW

The well-established standard in consideration of a motion for summary judgment is that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). A "material fact" is a fact that might affect the outcome of a party's case. *Anderson*, 477 U.S. at 248; *JKC Holding Co. LLC v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). A "genuine" dispute concerning a "material" fact arises when the evidence is sufficient to allow a reasonable jury to return a verdict in the non-moving party's favor. (*Id*.) The moving party bears the burden of showing that there is no genuine issue of material fact, and

---

of this order." (Memorandum Opinion and Order (Document 34) at 14-15.) The Court stayed the balance of Plaintiff's claims. On March 14, 2012, Plaintiff filed their Second Amended Complaint (Document 36) in which it named Defendant J. Steven Hunter and Charles E. Withrow to this action and modified portions of its allegations in support of its claims. On January 7, 2013, the Court permitted Plaintiff to file its Third Amended Complaint (*see* Order (Document 164)), wherein Plaintiff alleges, among other things that: in 2008, North-South applied for a second line of credit in the amount of $1,000,000; along with North-South, it executed a 2008 Deed of Trust wherein North-South conveyed to BB&T an interest in the same collateral that secured its 2007 Deed of Trust, with slight exceptions; that its Deeds of Trust purport to convey security interests in several lots that the grantor had previously sold and did not own at the time the 2007 or 2008 Deeds of Trust were conveyed to BB&T, and that Defendants made no mention or exception of the outsales in their opinion letters or 2007 and 2008 title insurance policies. (Third Am. Compl. (Document 165)).

5

that it is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322-23. However, the non-moving party must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor." *Anderson*, 477 U.S. at 256. "At the summary judgment stage, the non-moving party must come forward with more than 'mere speculation or the building of one inference upon another' to resist dismissal of the action." *Perry v. Kappos*, No.11-1476, 2012 WL 2130908, at *3 (4th Cir. June 13, 2012) (unpublished decision) (quoting *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985)). Rule 56 of the Federal Rules of Civil Procedure requires that,

> [a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). If factual issues exist that can only be resolved by a trier of fact because they may reasonably be resolved in favor of either party, summary judgment is inappropriate. *Anderson*, 477 U.S. at 250. Moreover, in considering a motion for summary judgment, "the district court 'must review the motion even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" *Robinson v. Wix Filtration*

6

*Corp*, LLC, 599 F.3d 403, 409 n.8 (4th Cir. 2010) (quoting *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993.)

## III.   DISCUSSION

Defendants Withrow and Hunter ("the Withrow Defendants") ask the Court to grant summary judgment in their favor by finding that the Withrow Deed of Trust has priority over the BB&T Deed of Trust with respect to the land purportedly securing the line of credit extended by BB&T to North-South Properties, LLC.[6] The Court has reviewed the parties' submissions in this regard and finds that a genuine issue of material fact exists to preclude summary judgment.

In their motion, the Withrow Defendants assert that their Deed of Trust on the 885.53 acre parcel of land was created on February 5, 2005, to secure a promissory note and recorded days later in the Greenbrier County Clerk's Office.[7] (Withrow Mot. at 1-2.) The Defendants argue that the Withrow Deed of Trust predates both: (1) White Rock LLC's conveyance of 416.878 acres of that land to North-South Properties, LLC on December 6, 2006, and (2) North-South's creation of a Deed of Trust in favor of BB&T as collateral for the $5,000,000 line of credit on July 6, 2007, and recorded on July 11, 2007, in the Greenbrier County Clerk's Office. (*Id.* at 2-3.) The Withrow Defendants argue that the 416.878 acres encumbered by the BB&T Deed of Trust "are a portion of the 885.53 acres conveyed to White Rock, LLC by Charles Withrow." (*Id.* at 4.) Consequently, the Withrow Defendants assert that their exhibits demonstrate that there are no

---

6   The Court observes that the Withrow Defendants did not comply with Rule 7.1(a)(2) of the Local Rules of Civil Procedure which provides that "[a] memorandum of not more than [twenty] pages in length must accompany . . . [a] motion[] . . . for summary judgment."  The Withrow Defendants did not file a memorandum in support of their motion.   In the interest of justice, however, the Court will consider the substance of the motion.

7   In response to an Interrogatory, Defendant Withrow states that the Withrow Deed of Trust secures a note to White Rock, LLC for $571,006.23, with 10% interest per annum. (Document 66-1 at 9-10.)   Withrow represents that the total principal and interest balance on the promissory note is $924,680.97.   (*Id.* at 10.)

7

genuine disputes of material fact that: the Withrow Deed of Trust predates the BB&T Deed of Trust "as to the land described in the BB&T Deed of Trust"; that the Withrow Deed of Trust encumbers all of the same properties listed in the BB&T Deed of Trust; and that the Withrow Deed of Trust has not been released. (*Id.* at 3-4; *see* Responses to First Set of Interrogatories, Requests for Production and Requests for Admissions by Defendant Charles E. Withrow at 7) (Withrow states "My Deed of Trust encumbers all the property not heretofore released and all that is claimed by BB&T."))[8] In a one-page document, BB&T "not[ed] its concurrence with" the representations made by the Withrow Defendants and requested the Court to grant the motion for summary judgment. (BB&T's Response in Support of Motion for Summary Judgment by Defendants Charles E. Withrow and J. Steven Hunter (Document 67)).

A review of the parties' submissions reveals that no party disputes that the Withrow Deed of Trust was recorded prior to the BB&T Deed of Trust and that neither the Withrow Deed of Trust, nor, the BB&T Deed of Trust has been released. However, First American and the Bruce Defendants contest the Withrow Defendants' assertion that the Withrow Deed of Trust encumbers the entirety of the collateral secured by the BB&T Deed of Trust. (Defendant First American Title Insurance Company's Memorandum in Support of its Response to the Motion for Summary Judgment of Charles E. Withrow ("First Am.'s Opp'n") (Document 85) at 7) ("Withrow asserts, without qualification, that all of the land described in the North-South/BB&T Deed of Trust is encumbered by his prior interest under the White Rock/Withrow Deed of Trust. However, this assertion is demonstrably false."); Response of Barry L. Bruce and Barry L. Bruce

---

8   The Moving Defendants rely on their Responses to First Set of Interrogatories, Requests for Production and Requests for Admissions by Defendant Charles E. Withrow; the February 5, 2005 Purchase Money Promissory Note between White Rock, LLC and Charles E. Withrow for the sum of $571,006.23, and the Withrow Deed of Trust entered into on February 5, 2005, and recorded February 7, 2005. (*See* Document 66-1).

& Associates, L.C. to Motion For Summary Judgment Filed by Defendants Withrow and Hunter ("Bruce Defendants' Opp'n") (Document 88) at 8-9) ("[C]ontrary to the assertions of Defendants Withrow and Hunter, the Withrow Deed of Trust does not encumber the entire 885.53 tract of land originally conveyed by Defendant Withrow to White Rock, LLC.") Instead, First American argues that a comparison of the two deeds of trust reveals that "a substantial amount of the real estate expressly excepted from the White Rock/Withrow Deed of Trust is not excepted from the North-South/BB&T Deed of Trust." Defendant argues that the excepted lots are not encumbered by the Withrow Deed of Trust, but by BB&T in its Deed of Trust. Additionally, First American invites a review of the "sources of grantor's title" referenced in the two competing purported security interests. First American asserts that it is "clearly and unambiguously demonstrate[d]" that only one conveyance provided the property to the Withrow Deed of Trust, while multiple conveyances support the BB&T Deed of Trust, including "sources of title for real estate expressly exempted from the White Rock/Withrow Deed of Trust." (*Id*. at 8.) In this argument, First American contends that there can be no basis for the Withrow Defendants "to now assert that he has any interest in this excepted real estate which encumbers BB&T's interest." (*Id*.)

Notwithstanding these assertions, the Court finds the Defendant's most persuasive argument is found in the consideration of First American's expert witness report dated August 15, 2012. In his report, First American's expert, Robert N. File, Esq., states that he reviewed the Withrow Deed of Trust, the BB&T Deed of Trust and various charts/maps purporting to show the metes and bounds descriptions of the property conveyed in each Deed of Trust, as well as that which was excepted. According to First American's expert: "[t]he 416.878 acre description in the BB&T [Deed of Trust] is not entirely within the outer boundaries of the 885.53 acre description of

9

the Withrow [Deed of Trust]." (Letter to Christopher L. Hamb, Esq. from Robert N. File, Esq. date August 15, 2012, (Document 85-1 at 5.) The expert witness asserts that "some of the numbered lots in the southern portion of the BB&T [Deed of Trust] comprising number lots 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150 and parts of lots 151, and 152 are not within the description of the Withrow [Deed of Trust]." (*Id.*) The expert also asserts that there is "unnumbered property" adjacent to lots 2-9 which "are not within the boundaries of the Withrow [Deed of Trust]." (*Id.*) Upon consideration of the conveyances and exceptions included in each Deed of Trust, the expert opines that "17.351 acres designated on the map as 'Allegheny Lodge' and a similar sized piece along Falls Parkway and lots 154 through 165 adjacent thereto . . . [and] an unnumbered area southeast of lot 121, a small parcel west of lot 1 and part of the road 'Falls Parkway'" is encumbered by both Deeds of Trust. (*Id.*) The Court finds that neither BB&T, nor the Withrow Defendants filed a reply in support of the instant motion. Neither party has addressed Defendant First American's assertion of fact that the Withrow Deed of Trust does not encumber the entirety of the BB&T collateralized property as the Withrow Defendants assert, nor challenged the Court's consideration of the Defendant's expert witness report. Upon consideration of the evidence presented, the Court finds that it cannot conclude that the Withrow Deed of Trust encumbers the entirety of the property that is claimed by BB&T as the Withrow Defendants claim. The Court finds that a genuine dispute of material fact exists as to the extent of any dual encumbrance of the property conveyed by both the Withrow and BB&T Deeds of Trust which precludes the Court's granting of summary judgment in favor of the Withrow Defendants.

The Bruce Defendants also attack the Withrow Defendants' motion by first identifying that Defendant J. Steven Hunter served as counsel for both White Rock and Defendant Charles E. Withrow during the conveyance resulting in the Withrow Deed of Trust. According to the Bruce Defendants, Defendant Hunter has actual knowledge that the Withrow Deed of Trust does not encumber the entire 885.53 acres of land conveyed from Withrow to White Rock. (Bruce Defs.' Opp'n at 8.) The Bruce Defendants assert that the property identified in the Withrow Deed of Trust as out sales generally consists of the property that was to become "The Retreat development" and that the conveyance to North-South from White Rock consisted of that property. (Bruce Defs.' Opp'n at 8.) According to these defendants, the loan extended by BB&T to North-South was for a construction and development loan, "the primary purpose of which was for the construction of a common homeowner amenity known as 'The Lodge.'" (*Id*. at 9.) In an Affidavit submitted with the Bruce Defendants' response, Defendant Barry Bruce contends that, to the extent there is an overlap between the property encumbered by both the Withrow and BB&T deeds of trust, "it is the result of an erroneous description in the Withrow Deed of Trust prepared by Defendant Hunter[]" and that "neither North South . . . nor Defendant Withrow believed that the Lodge property was in any way encumbered by the Withrow Deed of Trust." (*Id*.; Bruce Defs.' Ex. E, Affidavit of Barry L. Bruce (Document 88-1) at 65-66). However, Defendant Bruce does not cite to any evidentiary support outside of his affidavit to substantiate these assertions. The Court finds that his inclusion of what other parties or entities "believed" or "understood" is insufficient, as stated, to support the finding of a genuine dispute of material fact.

Defendant Barry L. Bruce also asserts that when the "conflict between the BB&T Deed of Trust and the Withrow Deed of Trust" became apparent, Defendant Withrow stated to him that "he

11

did not understand the confusion with the BB&T Deed of Trust because his Deed of Trust did not, and was never intended to be on "The Retreat development" and that Defendant Withrow "further agreed to sign a Subordination Agreement to the extent that the execution of such a document would correct any problems that may exist." (*Id.* at 10; Bruce Affidavit at 66.) In so far as Defendant Bruce offers a statement purportedly made by party Defendant Withrow, this statement contradicts Defendant Withrow's statement that he "ha[s] not talked to anyone" about the BB&T Deed of Trust or the Withrow Deed of Trust, the BB&T or the Withrow Collateral, or the loans secured by the Deeds of Trust. (*See* Responses to First Set of Interrogatories, Requests for Production and Requests for Admissions by Defendant Charles E. Withrow at 8.)

Further, Defendant Bruce contends that he performed a title examination for and on behalf of North-South at the point it sought to secure a $5,000,000 line of credit and that he "is of the opinion that Defendant Withrow's Deed of Trust does not have priority over the BB&T Deed of Trust as to the 416.878 acres conveyed by White Rock, LLC to North South Properties, LLC on November 15, 2006." Defendant attempts to bolster his statement by asserting that he has been a "practicing lawyer in the State of West Virginia for thirty-five (35) years and [that] his legal opinions as set forth in his Affidavit . . . create significant material factual issues[.]" (*Id.* at 9.) Although the Court has not given any consideration to the party defendant's legal conclusion as to the priority of the deeds of trust, the Court finds that, based on the foregoing discussion, genuine disputes of material fact exist which dispute the nature and extent of the security interest held as between BB&T and the Withrow Defendants with respect to the purported collateralized property.

Finally, First American and the Bruce Defendants also contend that the Withrow motion should be denied because this Court "lacks in rem jurisdiction over the subject real estate" given

12

that BB&T and the Withrow Defendants have not joined in all necessary and indispensable parties and because "significant discovery remains to be conducted" which bear on the issues presented by the motion. (First Am.'s Opp'n at 8-10). The Court has previously considered these Defendants' *in rem* jurisdiction/Rule 19 argument as to BB&T and found it lacking. (*See* Memorandum Opinion and Order (Document 34); Order (Document 167)). Given the disposition above, the Court need not consider the argument anew here. Additionally, these Defendants assert that additional discovery is needed to fully respond to the Withrow Defendants' motion. The Court finds that neither Defendant has complied with Rule 56(d) by "show[ing] by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" First American has merely asserted that it has served discovery requests upon "Withrow, Hunter and others, the responses to which are likely to have a significant impact on the issues presented[.]" Beyond this statement, First American offers no substantive argument about the nature of its requests, the information it believes it would receive or that the facts discovered would create a genuine dispute of material fact to preclude a summary judgment finding. In their memorandum in response to the instant motion, the Bruce Defendants merely assert that there have been no depositions taken and discovery responses prepared and served by the Bruce Defendants, First American or BB&T. Consequently, the Court finds that this argument made without compliance with the applicable rule is insufficient to preclude this Court's consideration of the motion. The Court also observes that First American "expressly reserve[d] the right to supplement its Response . . . upon receipt of said discovery responses." (*Id*. at 10.) The Court makes no finding on the sufficiency of this reservation, but observes that to date this Defendant has not supplemented its response.

13

## IV. CONCLUSION

Upon consideration of the foregoing, the Court does hereby **ORDER** that the *Motion for Summary Judgment By Defendants Charles E. Withrow and J. Steven Hunter* (Document 66) be **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 15, 2013

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA